IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DESHAWN REILLY, BOP ID # 65861019, | PRISONER HABEAS CORPUS 28 U.S.C. § 2255 |
| Movant, | |
| v. | CIVIL ACTION FILE NO. 1:18-CV-2777-ODE-JKL |
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 1:14-CR-0146-ODE-JKL |
| Respondent. | |

**FINAL REPORT AND RECOMENDATION**

Movant, confined in the U.S. Penitentiary in Atlanta, Georgia, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("motion to vacate"). [Doc. 167.] The Government has filed a response. [Doc. 171.] For the reasons set forth below, the motion to vacate should be **DENIED**.

**I.     BACKGROUND**

Movant was detained by ATF agents on March 19, 2014, for his role in a suspected straw purchase of two firearms, the illegal possession of four firearms, and the possession of marijuana with the intent to distribute. [Doc. 97 at 3-4.] The following day, Movant was charged for a violation of 18 U.S.C. § 922(g)(1) as a felon in possession of a firearm. [Doc. 1.] On April 24, 2014, the grand jury returned

a placeholder indictment charging Movant with one count of possession of a firearm by a felon. [Doc. 15.]

On June 25, 2015, the grand jury returned a superseding indictment charging Movant with: (1) straw purchase of two firearms, in violation of 18 U.S.C. § 924(a)(1)(A); (2) felon in possession of two firearms in violation of 18 U.S.C. § 922(g)(1); (3) felon in possession of two other firearms in violation of 18 U.S.C. § 922(g)(1); and (4) possession of marijuana with intent to distribute in violation of 18 U.S.C. § 841(a)(1)&(b)(1)(D). [Doc. 30.]

Movant pled guilty to Count Two of the superseding indictment on October 5, 2015, pursuant a negotiated plea agreement. [Docs. 112-1; 120.] Containing no specific sentencing recommendation, the plea agreement acknowledged that the Court could impose a sentence up to and including the ten-year statutory maximum term of imprisonment. [Doc. 112-1 at 3.] The plea agreement further acknowledged that the Court retained discretion to depart from the Sentencing Guidelines and that no one could predict his exact sentence at the time the agreement was being executed. [*Id.*]

In February and April of 2016, the Court conducted a lengthy sentencing hearing over four non-consecutive days. [Docs. 126, 135, 136, 137.] The Court overruled numerous objections Movant made to the Presentence Investigation

Report ("PSR") and calculated a sentencing range of 100 to 125 months. [Doc. 151 at 43, 50.]  The Court also denied Movant's request for a downward departure and imposed a 100-month sentence, which was at the low-end of the applicable guidelines range. [*Id.* at 55; Doc. 138.]

On the final day of the sentencing hearing, Movant's counsel, Steve Sadow, moved to withdraw the guilty plea. [Doc. 151 at 8.]  Mr. Sadow stated that he believed he had been ineffective in advising Movant to plead guilty. [*Id.* at 4-5.]  The Court denied the motion and rejected Mr. Sadow's claim of ineffective assistance. [*Id.* at 7-8.]

Movant filed a notice of appeal on April 18, 2016, challenging his sentence on various Sentencing Guidelines issues. [Doc. 139.]  The Eleventh Circuit Court of Appeals affirmed the judgment and sentence on April 13, 2017. [Doc. 159.]  When Movant did not file for a petition for writ of certiorari, his conviction and sentence became final on July 13, 2017.

Movant filed the present motion to vacate on June 5, 2018, based on ineffective assistance of counsel. [Doc. 167.]  Movant claims Mr. Sadow told him that if he pled guilty, he would get a time-served sentence.  Movant states that if he had known he would not get a time-served sentence, he never would have pled

3

guilty. The Government filed a response to the motion to vacate on August 20, 2018. [Doc. 171.]

## II. DISCUSSION

### A. The Standard for Relief Under § 2255

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. A sentence is otherwise subject to collateral attack when there is a fundamental defect that results in a complete miscarriage of justice. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Collateral relief, however, is limited. "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," *United States v. Frady*, 456 U.S. 152, 164 (1982), and it is the movant's burden to establish his right to collateral relief, *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015), *cert. denied*, __ U.S. __, 136 S. Ct. 267 (2015). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Fontaine v. United States*, 411 U.S. 213, 215 (1973).

To establish ineffective assistance of counsel, a § 2255 movant must show that his counsel's performance was deficient such that it was below objectively reasonable standards, and that the deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). As for the first prong of the test, a court should be "highly deferential" in scrutinizing counsel's performance, *id.* at 689, and "must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment," *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). To establish deficient performance, a movant must establish that no objectively competent lawyer would have taken the action that his lawyer took or would have failed to take the action he contends the lawyer should have taken. *Id.* at 1315.

Under the second prong of the test, a court determines whether counsel's challenged acts or omissions prejudiced the movant, *i.e.*, whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland*'s test if the movant "makes an insufficient showing on one." *Id.* at 697.

Movant contends that his counsel was ineffective for advising him to plead guilty. The Supreme Court has held that "the two part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel," and that "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). While Movant currently states that had he would have insisted on going to trial if he had known he risked a sentence of more than time served, his current claims are contradicted by his sworn statements at the plea colloquy. "There is a strong presumption that the statements made during the [plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). The Movant "bears a heavy burden to show statements made under oath at a plea colloquy were false." *United States v. Jerchower*, 486 F. App'x 68, 71 (11th Cir. 2012) (per curiam) (quoting *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988)) (internal quotation marks omitted).

At the change of plea hearing, Movant was clearly and fully warned that no accurate prediction could be made about what his sentence would be. Movant testified under oath that the Government had not made any promises not contained in the plea agreement that caused him to plead guilty. [Doc. 120 at 10.] Further, the

district judge clearly advised Movant that the actual sentence could not be predicted because it would be based on a PSR that had not yet been prepared. [*Id.* at 5.] Movant stated that he understood. [*Id.* at 6.] Movant further stated that he understood he faced a maximum sentence of ten years' imprisonment. [*Id.* at 5-6.] Counsel for Movant and the Government estimated a potential guidelines range of 30 to 71 months. [*Id.* at 8-9.] The Court emphasized to Movant that there was a "wide range" in which his sentence could fall and no one would not know what the guidelines range would be until the sentencing hearing. [*Id.* at 9.] Movant stated that he understood. [*Id.*] The Court warned Movant that while the Government agreed in the plea agreement to make certain recommendations that would be favorable to him, the Court was not bound to accept any of those recommendations, and if the Court chose not to accept them, Movant would not be able to withdraw his guilty plea. [*Id.* at 9-10.] Movant again stated that he understood. [*Id.* at 10.]

"[A] defendant's unexpressed reliance on his attorney's speculation cannot overcome his direct responses" to the district judge in the plea colloquy. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.10 (11th Cir. 1987); *see also Stillwell v. United States*, 709 F. App'x 585, 590 (11th Cir. 2017) (finding movant was not prejudiced where "both the plea agreement and the district court informed him that he could not rely on counsel's estimated sentence"); *James v. United States*,

623 F. App'x 973 (11th Cir. 2015) (holding movant not prejudiced by counsel's advice where he was made aware of pertinent facts at plea colloquy); *United States v. Oliver*, 522 F. App'x 525, 529 (11th Cir. 2013) (finding no prejudice because even if counsel failed to inform client of minimum consecutive sentences, the plea agreement and the district clearly advised of such before he pled guilty); *United States v. Wilson*, 245 F. App'x 10, 11-12 (11th Cir. 2007) (finding no prejudice where district court explained consequences of guilty plea at plea colloquy).

Movant relies on the Supreme Court's holding in *Lee v. United States*, 137 S. Ct. 1958 (2017), to support his argument that his counsel provided ineffective assistance. In *Lee*, a defendant pled guilty to possession of ecstasy with intent to distribute after his counsel assured him that a guilty plea would not result in his deportation. For Lee, the issue of "deportation was the determinative issue" in his decision to accept the plea. *Lee*, 137 S. Ct. at 1963. At his plea hearing, the district court warned the defendant that his guilty plea could result in deportation and asked him, "[d]oes that at all affect your decision about whether you want to plead guilty or not." *Id.* at 1968. The defendant replied, "Yes, Your Honor." *Id.* The judge asked the defendant how it affects his decision, to which the defendant stated, "I don't understand." After consulting with his attorney and being advised "that the judge's statement was a 'standard warning,'" the defendant proceeded to plead

8

guilty. *Id.* Unlike the defendant in *Lee*, Movant was repeatedly advised that his sentence could not be predicted by anyone before the PSR was prepared, he was also on notice that there was a significant dispute between his counsel and the Government as to the correct guidelines range, and he was warned that the Court would impose whatever sentence it found appropriate regardless of the recommendations of counsel. Based on Movant's testimony in the plea colloquy, he has failed to show a reasonable probability that he would not have pled guilty, and therefore, he has not established prejudice.

## IV.   CERTIFICATE OF APPEALABILITY ("COA")

A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

It is not reasonably debatable that Movant's claim lacks merit. Because Movant has not substantially shown that he was denied a constitutional right, a COA is not warranted. *See* 28 U.S.C. § 2253(c)(2); *Slack*, 529 U.S. at 483-84.

## V.   CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that the motion to vacate be **DENIED**. [Doc. 167.] The undersigned further recommends that a COA be **DENIED**. The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**SO RECOMMENDED** this 7th day of March, 2019.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE