FILED IN CHAMBERS
U.S.D.C. - Atlanta
APR 17 2019
James N. Hatten, Clerk
By: [signature] Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DESHAWN REILLY,
    Movant,

v.

UNITED STATES OF AMERICA,
    Respondent.

CRIMINAL ACTION NO.
1:14-CR-0146-ODE-1

## ORDER

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R), [Doc. 172], recommending that the instant 28 U.S.C. § 2255 motion to vacate, [Doc. 167], be denied. Movant has filed his objections in response to the R&R. [Doc. 174].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

Movant was convicted in this Court on October 5, 2015, pursuant to his guilty plea to a single count of felon in possession of a firearm, and after a lengthy sentencing hearing, this Court imposed a sentence of 100 months, which was at the bottom of the 100-to-125-month range this Court calculated under the Sentencing Guidelines.

In his § 2255 motion, Movant raises a single claim: that his trial counsel was ineffective in telling Movant that if he pled guilty, he would receive a time-served sentence. In determining that Movant was not entitled to relief, the Magistrate Judge found that, while Movant now insists that he would have opted for a trial if he had known he would have received a sentence in excess of time served, that claim is flatly contradicted by his testimony at the plea hearing. According to the Magistrate Judge:

> At the change of plea hearing, Movant was clearly and fully warned that no accurate prediction could be made about what his sentence would be. Movant testified under oath that the Government had not made any promises not contained in the plea agreement that caused him to plead guilty. [Doc. 120 at 10.] Further, the district judge clearly advised Movant that the actual sentence could not be predicted because it would be based on a PSR that had not yet been prepared. [Id. at 5.] Movant stated that he understood. [Id. at 6.] Movant further stated that he understood he faced a maximum sentence of ten years' imprisonment. [Id. at 5-6.] Counsel for Movant and the Government estimated a potential guidelines range of 30 to 71 months. [Id. at 8-9.] The Court emphasized to Movant that there was a "wide range" in which his sentence could fall and no one would not [sic] know what the guidelines range would be until the sentencing hearing. [Id. at 9.] Movant stated that he understood. [Id.] The Court warned Movant that while the

AO 72A
(Rev.8/82)

> Government agreed in the plea agreement to make certain recommendations that would be favorable to him, the Court was not bound to accept any of those recommendations, and if the Court chose not to accept them, Movant would not be able to withdraw his guilty plea. [Id. at 9-10.] Movant again stated that he understood. [Id. at 10.]

[Doc. 172 at 6-7].

As the Magistrate Judge pointed out, "[t]here is a strong presumption that the statements made during the [plea] colloquy are true," United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994), and "a defendant's unexpressed reliance on his attorney's speculation cannot overcome his direct responses" to the court during the plea colloquy. United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n.10 (11th Cir. 1987); see also Stillwell v. United States, 709 F. App'x 585, 590 (11th Cir. 2017) (finding movant was not prejudiced where "both the plea agreement and the district court informed him that he could not rely on counsel's estimated sentence").

In his objections, Movant attempts draw a distinction "between bad/wrong advice provided by counsel and advice based upon a misrepresentation," [Doc. 174 at 2], but he fails to cite to (and this Court could not locate) case law that demonstrates that such a distinction exists. What matters is what trial counsel told Movant and not counsel's knowledge or motivations when making the statement.

Movant further contends that his statements at the plea colloquy – that he faced a ten-year maximum sentence, that the Sentencing Guidelines calculation would likely

3

result in a sentence in the range of 30 to 71 months, and that the Court was not bound by any favorable recommendations – were not inconsistent with his contention that he would have not entered a guilty plea but for his prior counsel's misrepresentation that he would receive a time-served sentence. This Court disagrees. At the time of the sentencing, Movant had been detained just under two years. He thus would have learned during the plea hearing that it was likely he would receive a sentence that included further incarceration, and he nonetheless proceeded to enter his guilty plea. See Cadavid-Yepes v. United States, 635 F. App'x 291, 300 (6th Cir. 2016) (denying relief on claim of ineffective assistance for trial counsel's assuring defendant that, if he plead guilty, he would receive a time-served sentence because trial court informed defendant at the plea hearing that it could impose a longer sentence than that estimated by the parties based on a preliminary guidelines calculation).

In a footnote, Movant also contends that the Magistrate Judge improperly distinguished Lee v. United States, 137 S. Ct. 1958 (2017). However, this Court concludes that the Magistrate Judge was correct. Lee was a resident alien defendant whose counsel assured him that he would not be deported if he pled guilty, and the Supreme Court concluded that Lee should be permitted to withdraw his plea because his deportation was mandatory as a result of his plea. It was clear from the record and from the transcript of Lee's plea hearing that he was concerned about his deportation

4

at the time that he entered his plea, and in this case Movant was repeatedly advised that the Court could impose any sentence up to ten years.

Having reviewed the R&R in light of Movant's objections, this Court holds that the Magistrate Judge's findings and conclusions are correct. Accordingly, the R&R, [Doc. 172], is hereby **ADOPTED** as the order of this Court, and the motion to vacate brought pursuant to 28 U.S.C. § 2255, [Doc. 167], is **DENIED**. The Clerk is **DIRECTED** to close Civil Action Number 1:18-CV-2777-ODE.

This Court further agrees with the Magistrate Judge that Movant has failed to make a substantial showing of the denial of a constitutional right, and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**, this ___16___ day of April, 2019.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)